# EXHIBIT A

1  J. Scott Conlon, #011829
   Ellen S. Levy, #020275
2  RENAUD COOK DRURY MESAROS, PA
   One North Central, Suite 900
3  Phoenix, Arizona 85004-4417
   Telephone: (602) 307-9900
4  Facsimile: (602) 307-5853
   *Attorneys for Defendants*
5
   E-mail:  docket@rcdmlaw.com
6           sconlon@rcdmlaw.com
            elevy@rcdmlaw.com
7
8            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9                **IN AND FOR THE COUNTY OF PIMA**

10 | KHALIQ HUSSEIN-AMIN, a single man | No. C20161587 |

11 |                        Plaintiff, | **NOTICE OF FILING NOTICE OF REMOVAL** |

12 | v. | |

13 | CORIZON HEALTH, INC.; STATE OF ARIZONA, a body politic; JOHN DOES 1-5; JANE DOES 1-5; ABC | *(Assigned to the Honorable Jeffrey T. Bergin)* |

14 | CORPORATIONS I-X; and ZYX PARTNERSHIPS 1-5; SOLE | |

15 | PROPRIETORSHIPS 1-5, | |

16 |                        Defendants. | |

17
18        Defendants, State of Arizona ("State") and Corizon Health, Inc., ("Corizon"), by and

19 through their undersigned counsel, and pursuant to 28 U.S.C. § 1441(b), notifies this Court

20 that they have filed a Notice of Removal of this action to the United States District Court for

21 the District of Arizona. A copy of the Notice of Removal (exclusive of exhibits) is attached

22 as Exhibit "A."

23        RESPECTFULLY SUBMITTED this *13th* day of July, 2016.

24                                    RENAUD COOK DRURY MESAROS, PA

25
26                                    By: */s/ Ellen S. Levy*
                                          J. Scott Conlon

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 1, C20161587)                    3306-0127                    3228438_1.docx

Ellen S. Levy
One North Central, Suite 900
Phoenix, Arizona 85004-4417
*Attorneys for Defendants*

1

2

3

4   ORIGINAL efiled this same date and
copies mailed to:

5   James R. Studwell, Esq.
HEALY & STUDWELL LAW FIRM, P.C.
6   7440 North Oracle Road, Casita 3
Tucson, Arizona 85704
7   *Attorneys for Plaintiff*

8   Michael S. Redhair
THE REDHAIR LAW GROUP, PC
9   7440 North Oracle Road, Casita 3
Tucson, Arizona 85704
10   *Attorneys for Plaintiff*

11

12   */s/ Margaret Bango*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ  85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 2, C20161587)          3306-0127          3228438_1.docx

EXHIBIT A

1  J. Scott Conlon, #011829
   Ellen S. Levy, #020275
2  RENAUD COOK DRURY MESAROS, PA
   One North Central, Suite 900
3  Phoenix, Arizona 85004-4417
   Telephone: (602) 307-9900
4  Facsimile: (602) 307-5853
   *Attorneys for Defendants*
5
   E-mail:  docket@rcdmlaw.com
6            sconlon@rcdmlaw.com
             elevy@rcdmlaw.com
7
            **IN THE UNITED STATES DISTRICT COURT**
8
            **FOR THE DISTRICT OF ARIZONA**
9
   Khaliq Hussein-Amin, a single man                No.
10
                        Plaintiff,          **NOTICE OF REMOVAL**
11
   v.
12
   Corizon Health, Inc.; State of Arizona, a
13 body politic; John Does 1-5; Jane Does 1-5;
   ABC Corporations I-X; and ZYX
14 Partnerships 1-5; Sole Proprietorships 1-5,
15
                        Defendants.

16        Defendants, State of Arizona ("State") and Corizon Health, Inc. ("Corizon"), by and

17 through their undersigned counsel, and pursuant to Rule 81(c), Fed.R.Civ.P., hereby notices

18 the removal of the above-captioned case from the Superior Court of Arizona, in and for the

19 County of Pima, filed under Cause Number: C20161587, to the Federal Court and in support

20 thereof asserts:

21        1.      The Federal Court has jurisdiction pursuant to 28 U.S.C. § 1331. This action

22 may be removed pursuant to 28 U.S.C. § 1441(b) because Plaintiff asserts a claim pursuant

23 to the Eighth Amendment of the United States Constitution.

24        2.      Plaintiff did not serve the Defendant party.  However, Defendant party has, on

25 July 7, 2016, executed a waiver of service of summons received in the undersigned's office

26 on June 21, 2016.  As such, this Notice of Removal is being filed within thirty (30) days after

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ  85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 1)                          3306-0127                          3234602_1.docx

1    initial receipt of Plaintiff's Complaint and is timely filed under 28 U.S.C. § 1446(b).

2        3.    The time for which Defendant has to remove this case with respect to the

3    Complaint has not expired.

4        4.    A notification of the filing of a Notice of Removal to Federal Court, a true and

5    correct copy of which is attached as Exhibit "A," has been filed in the Superior Court of

6    Arizona, County of Pima, on behalf of the Defendants.

7        5.    All known presently served/accepted service Defendant parties have consented

8    to the removal of this case from Superior Court of the State of Arizona, County of Pima, to

9    the United States District Court for the District of Arizona.

10       **WHEREFORE**, Defendant respectfully requests that the above action now pending

11   in the Superior Court of the State of Arizona be removed to this Court.

12       Respectfully submitted this _13th_ day of July, 2016.

13                                RENAUD COOK DRURY MESAROS, PA

14

15                                By _s/ Ellen S. Levy_
16                                     J. Scott Conlon
                                      Ellen S. Levy
17                                    One North Central, Suite 900
                                      Phoenix, Arizona 85004-4417
18                                    _Attorneys for Defendants_

19

20

21

22

23

24

25

26

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 2)                            3306-0127                            3234602_1.docx

**CERTIFICATE OF SERVICE**

I hereby certify that on this _13th_ day of July, 2016, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmitted a Notice of Electronic Filing to the following CM/ECF participants:

James R. Studwell, Esq.
HEALY & STUDWELL LAW FIRM, P.C.
7440 North Oracle Road, Casita 3
Tucson, Arizona 85704
_Attorneys for Plaintiff_

Michael S. Redhair
THE REDHAIR LAW GROUP, PC
7440 North Oracle Road, Casita 3
Tucson, Arizona 85704
_Attorneys for Plaintiff_

I further certify that on this same date, I served the following, who is not a registered participant of the CM/ECF System, via U.S. Mail to: N/A

_By: s/ Margaret Bango_

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 3)                          3306-0127                          3234602_1.docx

# EXHIBIT B

# EXHIBIT C

# EXHIBIT D

Person/Attorney Filing: Mike S Redhair
Mailing Address: 7440 N Oracle Rd. #3
City, State, Zip Code: Tucson, AZ 85704
Phone Number: (520) 622-0433
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 018578, Issuing State: AZ
Attorney E-Mail Address: Mike@redhairlaw.com

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PIMA

Khaliq Hussein-Amin
Plaintiff(s),

Case No. C20161587

V.

**SUMMONS**

Corizon Health, Inc, et al.
Defendant(s).

HON. JEFFREY T. BERGIN

To: Corizon Health, Inc

WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.
READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR
LEGAL ADVICE.

1.     A lawsuit has been filed against you. A copy of the lawsuit and other related court paperwork has been
served on you with this Summons.

2.     If you do not want a judgment taken against you without your input, you must file an Answer in writing
with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Office
of the Clerk of the Superior Court, 110 West Congress Street, Tucson,
Arizona 85701 or electronically file your Answer through AZTurboCourt at www.azturbocourt.gov.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.     If this Summons and the other court papers were served on you within the State of Arizona, your
Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of
service. If the papers were served on you outside the State of Arizona, your Answer must be filed within
THIRTY (30) CALENDAR DAYS, not counting the day of service.

Requests for reasonable accommodations for persons with disabilities must be made to the court by parties at
least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of
Pima                                                    *April 04, 2016*

*Toni L. Hellon*
Clerk of the Superior Court
By: *Alan Walker*
        Deputy Clerk

AZTurboCourt.gov Form Set #7753309

02/18/2010 CAC

1

# EXHIBIT E

FILED
TONI L. HELLON
CLERK, SUPERIOR COURT
4/4/2016 3:02:37 PM
BY: ALAN WALKER
DEPUTY

Case No. C20161587
HON. JEFFREY T. BERGIN

**The Redhair Law Group, P.C.**
7440 N. Oracle Road Casita 3
Tucson, Arizona 85704
Phone (520) 790-1400
Fax (520) 858-0240
Michael S. Redhair, Esq.
SBN 018578
Mike@redhairlaw.com
*Attorneys for the Plaintiff*

## SUPERIOR COURT FOR STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

| | | |
|---|---|---|
| KHALIQ HUSSEIN-AMIN, a single man, | ) | No. |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT** |
| CORIZON HEALTH, INC.; STATE OF ARIZONA, a body politic; JOHN DOES 1-5; JANE DOES 1-5; ABC CORPORATIONS I-X; and ZYX PARTNERSHIPS 1-5; SOLE PROPRIETORSHIPS 1-5, | ) ) ) ) ) ) | **Tort/Medical Malpractice**<br><br>Assigned to: |
| Defendants. | ) ) ) ) ) ) | |

COMES NOW, the Plaintiff, by and through his attorneys, Healy & Studwell Law Firm, P.C. and Redhair Law Group, P.C., and for his Complaint against the Defendants, states, alleges and complains as follows:

1.    Plaintiff Khaliq Hussein-Amin is a single man currently residing in Pima County, Arizona while in the custody of the Arizona Department of Corrections.

2.      Defendant Corizon Health, Inc. (hereinafter CORIZON), a private foreign corporation contracted with the State of Arizona to provide medical care to inmates

3.      All acts which give rise to this cause of action occurred in Pima County, Arizona.

4.      Venue and jurisdiction are proper in Pima County, Arizona.

5.      Plaintiff brings this action pursuant to the civil rights laws of the United States, 42 U.S.C. 1981, 1983, 1985, and 1988.  This Court has concurrent jurisdiction over the federal claims as well as jurisdiction over the negligence claim that is made.  Thus, this Court has jurisdiction of this matter.

I.

FACTUAL BACKGROUND

6.      Plaintiff, Khaliq Hussein-Amin, was jailed as an inmate of the Arizona Department of Corrections.

7.      That in the summer of 2014 Plaintiff presented for medical care and reported that his knee "popped out of socket" and he was unable to bear weight.

8.      Thereafter Khaliq's knee was symptomatic with pain and instability.  Khaliq repeatedly requested a MRI to obtain an appropriate diagnosis.  On August 6, 2014 an x-ray was performed on Khaliq's right knee.  The x-ray findings were normal.

9.      Khaliq was examined in November of 2014 and supposedly the provider concluded that the knee was "within normal limits."  Khaliq filed numerous grievances and his next exam occurred in April of 2015.  The examiner noted small effusion and laxity with lateral movement.

10.      On April 15, 2015 Khaliq presented to the Medical Unit and gave a history that his knee "gave out", he is unable to run and is scared of falling and has fallen when his knee gives out.  A MRI was obtained on May 18, 2015.  The radiologist diagnosed the following injuries: a) high

2

grade near full-thickness tear of the anterior cruciate ligament; b) complex multi directional tear of the right medial meniscus posterior horn and body; and, c) lateral meniscus posterior horn irregularity.

11.     On June 2, 2015 a Health Services Encounter note indicates a referral "priority: urgent" to Kino Hospital yet as of this writing Khaliq has not seen an orthopedic surgeon.

12.     Plaintiff did not undergo surgery until February 12, 2016.

13.     During this time period Defendant CORIZON was contracted with the State of Arizona to provide medical services to the inmates being held by the State.

14.     Defendant State of Arizona has a non-delegable duty to provide reasonable medical care to the inmates in the Arizona Department of Correction.

II.

CLAIMS FOR RELIEF

Count One

Civil Right Violations, 42 U.S.C. 1983

15.     Plaintiff reasserts and realleges each and every paragraph, 1 through 7, above, as though fully asserted herein.

16.     Defendants DOE 1 and DOE 2 are state actors for purposes of 42 U.S.C. 1983. Defendant DOE 1 is responsible as the final policymaker for the Arizona Department of Corrections with the respect to policies of Arizona Department of Corrections and Arizona State Prison Complexes.   Defendant DOE 2 is responsible as the final policymaker for Corizon Health, Inc. with respect to policies of Wexford Health Sources, Inc. in providing health care to inmates in Arizona

3

17.     As persons responsible for providing and ensuring the welfare of and medical care to Plaintiff Khaliq Hussein-Amin while incarcerated at an Arizona State Prison Complex, DEFENDANTS DOES 1, 2 and 3 owed a non-delegable duty of care to Plaintiff because Plaintiff was an incarcerated inmate within the custody of the STATE OF ARIZONA while Corizon was contracted to provide health care to inmates.

18.     Defendant State of Arizona is responsible for the acts and omissions of Corizon and it employees; and Corizon, is responsible for the acts or omissions of its agents or employees under the doctrine of respondeat superior, including Defendant DOE 2.

19.     Defendant DOES 1 and 2 knew or should have known that Plaintiff, was not receiving his required medical care and put at great risk and significant pain as a result. However, despite its knowledge of Plaintiff's condition, Defendants DOES 1 and 2 breached their duty of care to Plaintiff by failing to provide reasonable and necessary medical care and treatment within the standard of care. Defendants DOES 1 and 2's failure to provide medical care within the standard of care to Plaintiff despite their knowledge regarding his condition and his requests for help, constituted deliberate indifference to Plaintiff's, chronic, and serious medical needs.

20.     Plaintiff's severe injuries, which required surgical intervention, and the delayed treatment of his significant injuries caused damages that were the direct and proximate result of unconstitutional policies, or customs of Defendant DOES 1 and 2, including but not limited to the improper medical care provided to inmate Plaintiff Hussein-Amin, and the failure to train medical staff regarding the medical care of inmates with orthopedic conditions.

21.     As a direct and proximate result of Defendants' breach of their duty of care to

4

Plaintiff, Khaliq Hussein-Amin sustained severe and substantial injuries including but not limited to damage to his knee by delaying the surgery, which caused additional damages, including making the surgery more difficult and requiring additional surgical treatment.

22.     That the actions of Defendants DOES 1 and 2 were malicious, oppressive, intentional and willful and wanton; that Defendants DOES 1 and 2 consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others; that the acts and/or omissions of Defendant were committed with an evil mind such that the Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment as follows:

A.      For other general damages, including but not limited to pain and suffering, loss of enjoyment of life;

B.      For special damages, including but not limited to medical expenses;

C.      For lost wages, income, and other economic losses;

D.      For taxable costs and pre- and post-judgment interest to the extent permitted by law;

E.      For exemplary damages to the extent permitted by law;

F.      For attorney's fees and costs pursuant to 42 U.S.C. 1983;

G.      For punitive damages; and

H.      Such other relief as the Court deems just and proper.

**Count Two**

**Negligence**

23.     Plaintiff reasserts and realleges each and every paragraph, 1 through 22, above, as though fully asserted herein.

5

24.     The State of Arizona and Defendant CORIZON HEALTH, INC. owed a duty of care to Plaintiff, because Plaintiff was an incarcerated inmate within the custody of the STATE OF ARIZONA.

25.   While CORIZON was contracted to provide healthcare to the inmates, Defendants knew or should have known that Plaintiff had a significant medical condition involving his right knee and needed additional imaging studies and to be treated by appropriate specialists.  However, despite its knowledge of Plaintiff's condition, Defendants breached their duty of care to Plaintiff by failing to provide reasonable and necessary medical care and treatment within the standard of care.

26.     As a direct and proximate result of Defendants' breach of their duty of care to Plaintiff sustained severe and substantial injuries including but not limited to enduring walking on a significantly injured leg for many months, delayed surgical intervention, more difficult recovery and poorer future prognosis than Plaintiff would have faced had the surgery occurred within a reasonable time, as well having to endure a lengthy time in considerable pain, suffering and discomfort while awaiting treatment, potential future medical care, disfigurement, anxiety, annoyance, inconvenience, embarrassment, and great mental suffering.

WHEREFORE, Plaintiffs pray for judgment against the Defendants as follows:

A.  For other general compensatory damages in an amount that is yet to be ascertained;

B.  For future medical expenses, and other economic losses, in an amount that is yet to be ascertained;

C.  For taxable costs and pre- and post-judgment interest to the extent permitted by law, in an amount that is yet to be ascertained;

D.  Such other relief as the Court deems just and proper in the premises.

1

2     DATED this 4th day of April, 2016.

3                                    **HEALY & STUDWELL LAW FIRM, P.C.**

4

5                                    /S/ James R. Studwell
                                     _____
6                                    James R. Studwell
                                     Attorneys for Plaintiff

7

8                                    **REDHAIR LAW GROUP, INC.**

9

10                                    /S/ Michael Redhair
                                     _____
11                                   Mike Redhair
                                     Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT F

1

**The Redhair Law Group, P.C.**
7440 N. Oracle Road Casita 3
Tucson, Arizona 85704
Phone (520) 790-1400
Fax (520) 858-0240
Michael S. Redhair, Esq.
SBN 018578
Mike@redhairlaw.com
*Attorneys for the Plaintiff*

2

3

4

5

## SUPERIOR COURT FOR STATE OF ARIZONA

6

## IN AND FOR THE COUNTY OF PIMA

7

8

KHALIQ HUSSEIN-AMIN, a single man,       )
                                         )
9                          Plaintiff,    )
                                         )       No. C20161587
10    v.                                 )
                                         )       **AMENDEDED CERTIFICATE OF**
11    CORIZON HEALTH, INC.; STATE OF      )       **COMPULSORY ARBITRATION**
      ARIZONA, a body politic; JOHN DOES 1-5; )
12    JANE DOES 1-5; ABC CORPORATIONS I- )
      X; and ZYX PARTNERSHIPS 1-5; SOLE   )       Assigned to: The Hon. Jeffrey T. Bergin
13    PROPRIETORSHIPS 1-5,                )
                                         )
14                          Defendants.  )
                                         )
15                                        )
                                         )
16                                        )
      _____)

17

18          COMES NOW the Plaintiff, by and through his attorneys, Healy & Studwell Law

19    Firm, P.C. and Redhair Law Group, P.C., and hereby certifies that we are aware of the dollar

20    limits and other limitations set forth by the Local Rules of Practice for the Pima County

21    Superior Court, and I further certify that this case **IS** subject to compulsory arbitration, as

22    provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

23    ///

24

25

DATED this 16<u>th</u> day of June, 2016.

**HEALY & STUDWELL LAW FIRM, P.C.**


<u>/S/ James R. Studwell</u>
James R. Studwell
Attorneys for Plaintiff


**REDHAIR LAW GROUP, INC.**


<u>/S/ Michael Redhair</u>
Mike Redhair
Attorneys for Plaintiff

2

# EXHIBIT G

**The Redhair Law Group, P.C.**
7440 N. Oracle Road Casita 3
Tucson, Arizona 85704
Phone (520) 790-1400
Fax (520) 858-0240
Michael S. Redhair, Esq.
SBN 018578
Mike@redhairlaw.com
*Attorneys for the Plaintiff*

**SUPERIOR COURT FOR STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF PIMA**

| | |
|---|---|
| KHALIQ HUSSEIN-AMIN, a single man, ) <br><br> Plaintiff, ) <br><br> v. ) <br><br> CORIZON HEALTH, INC.; STATE OF ) <br> ARIZONA, a body politic; JOHN DOES 1-5; ) <br> JANE DOES 1-5; ABC CORPORATIONS I- ) <br> X; and ZYX PARTNERSHIPS 1-5; SOLE ) <br> PROPRIETORSHIPS 1-5, ) <br><br> Defendants. ) <br> ) <br> ) <br> ) <br> ) | No. C20161587 <br><br> **NOTICE OF ASSOCIATION OF COUNSEL** <br><br> **Tort/Medical Malpractice** <br><br> Assigned to: |

Plaintiff by and through his attorneys, hereby provides notice that the firms of Healy & Studwell Law Firm, P.C. and Redhair Law Group, P.C. have associated on this case.

//

//

//

//

Furthermore, all materials may be sent to the above address and only one copy of any

pleading, order or correspondence should be provided to that address.

DATED this 11th day of April, 2016.

                                    **HEALY & STUDWELL LAW FIRM, P.C.**

                                        /s/James R. Studwell

                                    James R. Studwell
                                    Attorneys for Plaintiff

DATED this 11th day of April, 2016.

                                      **REDHAIR LAW GROUP, P.C.**

                                        /s/Michael Redhair

                                    Michael Redhair
                                    Attorneys for Plaintiff

# EXHIBIT H

1

**The Redhair Law Group, P.C.**
7440 N. Oracle Road Casita 3
Tucson, Arizona 85704

2

Phone (520) 790-1400
Fax (520) 858-0240

3

Michael S. Redhair, Esq.
SBN 018578

4

Mike@redhairlaw.com
*Attorneys for the Plaintiff*

5

**SUPERIOR COURT FOR STATE OF ARIZONA**

6

**IN AND FOR THE COUNTY OF PIMA**

7

8
KHALIQ HUSSEIN-AMIN, a single man,                      )
)

9
                            Plaintiff,                              )
)                **No. C20161587**

10
v.                                                      )
)

11
CORIZON HEALTH, INC.; STATE OF                          )   **Certification Re: Experts Pursuant To**
ARIZONA, a body politic; JOHN DOES 1-5;                 )   **A.R.S. §12-2603**

12
JANE DOES 1-5; ABC CORPORATIONS I-                      )
X; and ZYX PARTNERSHIPS 1-5; SOLE                       )

13
PROPRIETORSHIPS 1-5,                                    )
)                **Tort/Medical Malpractice**

14
                            Defendants.                            )
)

15
                                                        )                 Assigned to:
)

16
                                                        )

17

18
        Plaintiff Khaliq Hussein-Amin hereby certifies that expert opinion testimony is

19
necessary to establish standard of care in this matter, and Plaintiff reserves the right to

20
identify and use

21
//

22
//

23
//

24

25

1

standard of care and other experts in accordance with the disclosure rules.

2

3   DATED this 11th day of April, 2016.

4

                                        **REDHAIR LAW GROUP, P.C.**

5

6                                       /S/ Michael Redhair
                                        Michael Redhair
7                                       Attorneys for Plaintiff

8

DATED this 11th day of April, 2016.

9

10

                                        **HEALY & STUDWELL LAW FIRM, P.C.**

11

12                                      /S/James Studwell
                                        Michael Redhair
13                                      Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

2

# EXHIBIT I

1
**The Redhair Law Group, P.C.**
7440 N. Oracle Road Casita 3

2
Tucson, Arizona 85704
Phone (520) 622-0433

3
Fax (520) 622-2784
Michael S. Redhair, Esq.

4
SBN 018578
mike@redhairlaw.com

5
Jack Redhair, Esq.
SBN 001455

6
mike@redhairlaw.com
*Attorneys for the Plaintiff*

7

8
                    **SUPERIOR COURT FOR STATE OF ARIZONA**

9
                        **IN AND FOR THE COUNTY OF PIMA**

10

11

12
KHALIQ HUSSEIN-AMIN, a single man,     )    **No. C20161587**
                                       )

13
                    Plaintiff,         )
                                       )

14
v.                                     )    **WAIVER OF SERVICE OF SUMMONS**
                                       )

15
CORIZON HEALTH, INC.; STATE OF         )
ARIZONA, a body politic; JOHN DOES 1-  )

16
5; JANE DOES 1-5; ABC                  )    Assigned to: The Hon. Jeffrey T. Bergin
CORPORATIONS I-X; and ZYX              )

17
PARTNERSHIPS 1-5; SOLE                 )
PROPRIETORSHIPS 1-5,                   )

18
                    Defendants.        )
                                       )

19                                     )
                                       )

20                                     )
                                       )

21                                     )

22
TO: <u>Ellen S. Levy, Attorney for Corizon Health, Inc.</u>

23
    I acknowledge receipt of your request that I waive service of a summons on behalf of my
client, Corizon Health, Inc. in the action of **Hussein-Amin v. Corizon Health, Inc, et al.,**

24
which is case number **C20161587** in the Superior Court of the State of Arizona in and for the
County of Pima. I also have received a copy of the Complaint in the action, two copies of this
instrument, and a means by which I can return the signed waiver to you without cost to me.

25

1
2
      I agree to save the cost of service of a summons and an additional copy of the Complaint in this lawsuit by not requiring that my client be served with judicial process in the manner provided by the Arizona Rules of Civil Procedure.

3
      I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

4
5
      I understand that a judgment may be entered against said Defendant, Corizon Health, Inc. if an answer or motion under *Rule 12* is not served upon you within thirty (30) days after receipt of service of summons.

6
DATED this _____ day of _____, 2016

7
8
9
10
      Ellen S. Levy, Attorney for Defendant Corizon

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

2

1

2

3

4

5   **DUTY TO AVOID UNNECESSARY COST OF SERVICE OF SUMMONS**

6          Rule 4.1 and *Rule 4.2* of the Arizona Rules of Civil Procedure require certain parties
to cooperate in saving unnecessary costs of service of the summons and the pleading.  A
7   defendant located in the United States who, after being notified of an action and asked by a
plaintiff located in the United States to waive service of a summons, fails to do so will be
required to bear the cost of such service unless good cause be shown for its failure to sign and
8   return the waiver.

9          It is not good cause for a failure to waive service that a party believes that the complaint
is unfounded, or that the action has been brought in an improper place or in a court that lacks
jurisdiction over the subject matter of the action or over its person or property.  A party who
10  waives service of the summons retains all defenses and objections (except any relating to the
summons or to the service of  the summons), and may later object to the jurisdiction of the
court or to the place where the action has been brought.
11

12  A defendant who waives service must, within the time specified on the waiver form, serve on
the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also must
file a signed copy of the response with the court.  If the answer or motion is not served within
13  this time, a default judgment may be taken against that defendant.  By waiving service, a
defendant is allowed more time to answer than if the summons had been actually served when
14  the request for waiver of service was received.

15

16

17

18

19

20

21

22

23

24

25